COLUMBUS A. BOYNTON, plaintiff in error, *vs.* HUGH M. HOUSTON, defendant in error.

The Courts of this State have the power to impose fines on defaulting Sheriffs, who fail or refuse to execute process put into their hands, or to make due and legal returns thereof.

Rule against Sheriff, from Dougherty. Decision by Judge ALLEN, June Term 1857.

This was a rule against Columbus A. Boynton, Sheriff of Dougherty county, to show cause why he should not pay over to Warren & Warren, plaintiff's attorney, the amount due upon an execution in his hands in favor of Hugh M. Houston against John McCollum and John P. Griffin.

The Sheriff showed for cause, that it had been generally

supposed that the present term of the Court would continue four weeks, and that he had relied upon some drafts and acceptances which he had sent off to be collected, and which he had every reason to believe would be cashed, to pay the amount due on this *fi. fa.*, and others in his hands, but owing to the unexpected shortness of the term, (his Honor having announced his intention to adjourn after a session of two weeks, instead of four,) he had not had sufficient time to get turns from his drafts and acceptances, and hence the cause of his default, but he would have abundant means in a few days, and was willing that the rule should be made absolute against him. After hearing the Sheriff's answer, and against the expressed wish and desire of plaintiff's attorney, the Judge, in addition to making the rule absolute, imposed a fine on the Sheriff of $38 51, being 5 per cent. on the amount of the *fi. fa.*; to which counsel for the Sheriff excepted.

Lyon & Irwin, for plaintiff in error.

Evans, Sol. Gen., *contra.*

*By the Court.*—Lumpkin, J. delivering the opinion.

Has the Court, in addition to its power of compelling the Sheriff by rule, to pay over money on a *fi. fa.* which he has collected or failed to collect, the right under the law to impose a fine on that officer for his disobedience to the process of the Court?

That this power belonged to the Courts at common law, there can be no doubt.

"Sheriffs" says Mr. Tidd, "may also, to some purposes be considered as officers of the Courts; and it is their duty to have deputies to receive and return process; which deputies are required to give their personal attendance in Westminster Hall in Term time; and for the prevention and remedy of delays and abuses in Sheriffs, under-Sheriffs, Bailiffs of liberties and their deputies, and other Bailiffs or Sheriffs, &c.

in the execution of process and writs; it is a rule, that if any such officer *shall willfully delay the execution, or return of any process or execution*, or shall take or require any undue fees for the same, or shall give notice to the defendant thereby to frustrate the execution of any process, or *having levied money shall detain it in his hands after the return of the writ*, besides the ordinary course of amercements, the contempt or misdemeanor appearing, an attachment, information, commitment *or fine* shall be as the case requireth," &c.      *Tidd Pr.* 59.

The same power is given by the 52d section of the Judiciary Act of 1799; "whenever the Sheriff of any county within this State shall fail to make proper returns of all writs, executions, and other process, put into his hands, or shall fail or neglect to pay up all moneys received on such executions, on his being required by the Court so to do, he shall be liable to an action as for contempt, *and* may be *fined*, imprisoned or removed from office in the manner prescribed by the Constitution."      *Cobb* 577.

And so far from this power being taken away, it is expressly re-affirmed by the Penal Code.   " The power of the several Courts of Law and Equity in this State, to issue attachments and inflict summary punishment, for contempt of Court, shall not extend to any cases except the misbehavior of any person or persons in the presence of the said Courts, or so near thereto as to obstruct the admininistration of justice; the *misbehavior* of any of the officers of said Courts in their *official transactions;* and their *disobedience*, or resistance by any officer of said Courts, party, juror, witness, or any other person or persons, to any lawful writ, *process*, order, rule, decree or command of the said Courts."   *Cobb*, 843.

Can there be a doubt as to the *power* of the Courts to impose a fine?   It goes to the public and not to the party. Hence it is, perhaps, that the exercise of this authority is so seldom invoked.

Judgment affirmed.